[Crim. No. 998. Third Appellate District.—November 18, 1927.]

THE PEOPLE, Respondent, v. ADAM F. YOUNG, Appellant.

E. S. Bell for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The defendant was convicted of the crime of incest with his daughter. This appeal is from the judgment of conviction and the order denying a new trial.

Appellant contends "that while there is a direct conflict in the evidence in this case, the testimony of the girl . . . is so inherently improbable that it is not entitled to belief." The girl testified that the defendant committed the act charged and numerous similar acts. The defendant's son testified that he witnessed the commission of the act. The sheriff of the county testified that the defendant, after his arrest, said: "I might as well tell you because I did it. . . . I am guilty and I might as well say so. . . . No use to hire an attorney because I can save the money for my wife." There is other testimony of similar import. There is also testimony to the effect that at different times prior to the alleged act the girl made complaint of the defendant's conduct toward her. The defendant did not testify at the trial. ▇ The foregoing evidence is clearly sufficient to support the verdict.

The court instructed the jury "that any evidence admitted in this case tending to show that any persons other than the defendant Adam F. Young had sexual intercourse with Marie Young does not excuse or mitigate his offense if you believe to a moral certainty and beyond a reasonable doubt that he did have sexual intercourse with Marie Young on the date alleged in the information and that she is his daughter. The reputation and character of Marie Young for chastity and virtue are not material in this case. *Evidence tending to show that she had permitted others to have sexual intercourse with her is to be considered only in disproof of the fact that the condition of her sexual organs was caused by her father. If you believe from all of the evidence in the case to a moral certainty and beyond a reasonable doubt that he did have sexual intercourse with her, you should find the defendant guilty although other persons contributed to the condition of her sexual organs.*"

▇ Appellant complains of the italicized parts of the instruction, but it is difficult to understand the nature of his objection thereto. He says: "The evidence shows beyond dispute that she (the prosecutrix) was the daughter

of the defendant. . . . That portion of the instruction was uncertain in its phraseology and would lead a juror of common ordinary understanding to believe he could find the defendant guilty if•he found beyond a reasonable doubt that she was the daughter of the defendant. They could draw two conclusions from said instructions: 1. That they could find him guilty if he accomplished the act on the date alleged in the information whether he was the father or not of the complaining witness, or 2. They could find him guilty if he accomplished the act at any time if he was the father" of the complaining witness. Even a hypercritical examination of the instruction would not warrant appellant's contentions further than that the last sentence, if separated from the context, would lead to the belief that the defendant might be convicted upon proof of acts of sexual intercourse other than the one charged. But instructions are not to be so considered piecemeal. In the instruction quoted, and in another instruction, the court stated that to warrant a conviction the jury must find that the alleged act was committed "on the date alleged in the information." In other instructions the court stated that a verdict of guilty should be returned if the defendant "committed the act as charged in the information." From the instructions as a whole the jury could not have understood that the defendant might be convicted of any offense except the one charged. If the defendant desired a more specific instruction he should have requested it.

The judgment and order are affirmed.

Hart, J., and Plummer, J., concurred.